DOMENGEAUX, Judge,
concurring.
The trial judge rendered written reasons for judgment and I feel that the following quotation from same further explains certain facts pertinent to our opinion and bolsters same.
It is the opinion of this court that, in view of the custom of a married woman using her husband’s name, the filing of the attorney’s lien and privilege under the name of Lee Alice Harrington Pere was sufficient to put third parties on notice. We do not feel that plaintiff’s rights under the lien and privilege should be prejudiced when a mortgage certificate ordered in the name of Lee Alice Harrington Pere would have revealed the encumbrance. This is especially true in view of the fact that the Act of Sale from Joseph Byrnes Pere to defendant, Joseph Maxie Pierce, showed that the vendor had been married to Lee Alice Harrington, deceased, and listed the probate docket number. The other defendant, Walter Theall, later purchased a section of this tract from Joseph Maxie Pierce.
I respectfully concur.